2026 IL App (2d) 260155-U
No. 2-26-0155
Order filed July 30, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

DEVON J. DAVIDSON, Defendant-Appellant.

Appeal from the Circuit Court of Lake County.
Honorable Mark L. Levitt, Judge, Presiding.
No. 25-DV-379

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) Defendant did not present new information or demonstrate change in circumstances to show that continued pretrial detention was not necessary to avoid real and present threat to safety of any persons or community, and thus he was not eligible for release from pretrial detention, and (2) the trial court did not err in finding that defendant was not held for longer than 90 days in violation of 720 ILCS 5/110-6.1(i) (West 2024).

¶ 2    Defendant, Devon J. Davidson, was arrested for three counts of domestic battery (720 ILCS 5/12-3/2(a)(1) (West 2024)).  Defendant appealed the trial court's order detaining him pending trial and we affirmed.  *People v. Davidson*, 2025 IL App (2d) 250478-U.  Thereafter, defendant filed a written motion to review detention, requesting that he be released.  See 725 ILCS 5/110-6.1(i-5) (West 2024).  The trial court denied the motion and defendant timely appealed.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On August 26, 2025, Waukegan Police Department officers responded to the residence of Jazmin Wright to investigate an alleged domestic battery. Wright told police that defendant had physically assaulted her the previous evening. She and defendant have a minor child together, but defendant did not live with Wright. Defendant reportedly choked Wright repeatedly, pulled her hair, and urinated on her. He then forced the victim and their child into his vehicle. Defendant struck Wright in the mouth while he was driving to her sister's residence. Later in the evening, defendant reportedly damaged the engine of Wright's car and then drove his vehicle into a third car driven by a friend of Wright. Wright and the friend fled the vehicle after defendant rammed it. In the police synopsis, officers reported observing redness, bruises and abrasions on the victim's neck and back.

¶ 5     On September 12, 2025, defendant was detained by member of the Zion Police Department for several felonies and a Class A misdemeanor, including drug-related charges, driving on a revoked or suspended driver's license, and resisting a police officer. Defendant was released on this case, case no. 25-CF-2101, on September 13, 2025.

¶ 6     On September 16, 2025, defendant was charged upon information with three counts of domestic battery (720 ILCS 5/12-3.2 (West 2024)) for the August 25, 2025, incident in case no. 25-DV-379. The State filed a petition to deny pretrial release on September 18, 2025. The trial court held a hearing on the State's petition on September 19, 2025. The State proceeded by proffer. Defendant called Wright as a witness. Wright testified that she actually had a physical fight with defendant's new girlfriend and had lied to the police out of anger when she had caught defendant cheating on her. The State cross examined Wright, and she acknowledged getting an order of protection against defendant.

¶ 7     The trial court ordered defendant detained.  In granting the State's motion, the trial noted that it had listened closely to Wright's testimony and had not find her credible.  The court noted that these offenses are the latest in a long history of violence and abuse.  Defendant's previous convictions include, among others, domestic battery, aggravated assault, aggravated unlawful restraint, drug possession, and aggravated battery with a deadly weapon.

¶ 8     Defendant filed a motion for relief on October 10, 2025, which was denied by the trial court.  Defendant appealed and we affirmed.  *Davidson*, 2025 IL App (2d) 250478-U.  Thereafter, defendant filed a written motion to review detention, requesting that he be released.  See 725 ILCS 5/110-6.1(i-5) (West 2024).  The motion did not appear in the record, but is referenced in defendant's March 17, 2026, motion for relief.  The trial court denied the motion and defendant timely appealed.

¶ 9                              II. ANALYSIS

¶ 10    On appeal, defendant argues that (1) the trial court erred in denying his motion to review detention and (2) that he was not brought to trial within the 90-day period required by 725 ILCS 5/110-6(i) (West 2024).

¶ 11                            A. Timeliness

¶ 12    We note that defendant filed a notice of appeal on March 24, 2026.  Under Illinois Supreme Court Rule 604(h)(8), our disposition was to be filed 100 days from that date, or July 2, 2026.  Ill. S. Ct. R. 604(h)(8) (eff. Apr. 15, 2024).  However, as defendant did not file his declination letter until June 23, 2026, and the State's memorandum was not filed until June 26, 2026, this court has good cause in filing our disposition beyond the 100 days after the filing of the notice of appeal.

¶ 13                          B. Denial of Motion to Review Detention

¶ 14    Defendant first argues that the trial court erred in denying his motion to review his ongoing detention. At a hearing to review detention under section 110-6.1(i-5), detention determinations are not subject to every statutory requirement that applied to the initial detention hearing. *People v. Fuller*, 2026 IL App (4th) 251329, ¶ 29. The hearing "starts from the premise that detention was necessary to guard against" the threat posed by defendant "and asks whether anything has changed such that a defendant's detention is no longer warranted." *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 14. In fact, the trial court's finding that the State presented clear and convincing evidence on all three elements required by section 110-6.1(e) "necessarily encompassed the continued detention finding required by section 110-6.1(i-5)." *Id.* Our review is thus only of the trial court's "determination that continued detention is necessary, not the initial detention decision." *People v. Ervin*, 2026 IL App (2d) 250480-U, ¶ 35. [1]

¶ 15    Pretrial-release decisions are reviewed either under the manifest-weight-of-the-evidence or *de novo* standard. *People v. Morgan*, 2025 IL 130626, ¶ 54. According to the Illinois Supreme Court, the question of which standard applies is determined by the following:

> "(1) when live witness testimony is presented at a pretrial detention hearing, the circuit court's ultimate detention decision under section 110-6.1, in addition to any underlying factual findings supporting the decision, will not be disturbed on review unless found to be contrary to the manifest weight of the evidence and (2) when the parties to a pretrial detention hearing proceed solely by proffer, the reviewing court is not bound by

---

[1] We may rely on the reasoning of a nonprecedential decision under Illinois Supreme Court Rule 23 (eff. June 3, 2025). *Zhao v. State Farm Fire & Casualty Co.*, 2025 IL App (2d) 240723, ¶ 30.

the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." *Id.* The supreme court did not address the standard of review when the review involves subsequent detention findings, but this issue is now before the supreme court. See *People v. Post*, 2025 IL App (4th) 250598, *pet. for leave to appeal granted*, 273 N. E. 3d 784 (2025) (finding that the standard of review on appeals from subsequent detention orders is abuse of discretion). In the immediate matter, live witness testimony was presented at the initial pretrial detention hearing. We need not debate the issue of standard of review here, however, because we would affirm the trial court under either standard.

¶ 16 In the motion for relief in the immediate matter, defendant argued that during the previous hearing for pretrial detention, "there was an IDOC parole hold on the defendant which is no longer in existence." During the March 2, 2026, hearing, defense counsel noted that defendant's father and stepdaughter had both recently passed away and he was "hoping to be released so that he could help with the funeral arrangements." These are changes, indeed tragic changes, in circumstances. However, the trial court was required to consider whether any changed circumstances *obviate the need for detention*. *Thomas*, 2024 IL App (1st) 240479. ¶ 14. The trial court denied the motion, noting that "all of the pertinent factors" indicated that defendant was "unable to comply with a period of pretrial release." We agree with the trial court. We find that the trial court did not err in finding that continued detention was necessary as there were no changed circumstances which would have obviated the need for defendant's detention.

¶ 17                                          C. 90-Day Detention Period

¶ 18 Defendant also averred that he could not be denied pretrial release by the trial court because he was not brought to trial within 90 days. See 725 ILCS 5/110-6(i) (West 2024). Defendant cites

our recent opinion in *People v. Brownlee* for the proposition that if a defendant is in custody for another matter, the timing mechanism does not restart if the State chooses to proceed on the non-detained matter. *People v. Brownlee*, 2015 IL App (2d) 250198. *Brownlee* required this court to interpret section 110-6(i), applying *de novo* review. *Id*. at ¶ 21. We held that "the trial court erred in concluding that defendant was not entitled to pretrial release after the expiration of the 90-day detention period, as provided by the plain language of section 110-6.1(i) of the Code, and where no party contends that any circumstances extended that period." *Id*. at ¶ 22. However, *Brownlee* is distinguishable. In that case, the defendant was arrested for two domestic battery cases on the same day and detained on one of the two. *Id*. at ¶ 3. The State nol-prossed the detained case on the 89th day because it had been unable to serve the victim and then requested an additional 90 days for the previously non-detained charge. *Id*. at ¶ 9. We held that section 110-6.1(i) did not speak in terms of attributing time spent in custody among various offenses and we would not read an additional exception into the clear language of the statute. *Id*. at ¶ 22.

¶ 19 In the immediate matter, however, defendant was on pretrial release on felony drug charges in case no. 25-CF-2101 from September 13, 2025, until he was arrested for domestic battery in case no. 25-DV-379 on September 18, 2025. The crime alleged in case no. 25-DV-379 occurred prior to case no. 25-CF-2101 but was charged on an information warrant later. Both cases occurred while defendant was on parole on a different matter. Defendant appears to allege that "the State elected on 25CF2101" as a way of resetting the 90-day requirement from the detention hearing on September 19, 2025. The State did elect to proceed to trial first on the felony drug case, case no. 25-CF-2101, during a hearing on October 21, 2025. However, the State correctly notes that defense counsel requested, and received, continuances beginning on November 19, 2025. Section 110-6(i) states, in part, that "[i]n computing the 90-day period, the court shall omit any period of

delay resulting from a continuance granted at the request of the defendant and any period of delay resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5." 725 ILCS 5/110-6(i) (West 2024). As defendant had been detained for less than 90 days before the case was repeatedly continued on his motions, we hold that section 110-6(i) was not violated and *Brownlee* is inapplicable.

¶ 20                                   III. CONCLUSION

¶ 21     Accordingly, we affirm the judgment of the circuit court of Lake County.

¶ 22     Affirmed.